**Donald O. OXFORD, Appellant,**

v.

**CARSON CONSTRUCTION CO., and Alaska Industrial Board,**
**Appellees.**

**No. 14685.**

United States Court of Appeals
Ninth Circuit.

Sept. 30, 1955.

William L. Paul, Jr., Seattle, Wash., for appellant.

Faulkner, Banfield & Boochever, Juneau, Alaska, J. Gerald Williams, Atty. Gen., Territory of Alaska, for appellees.

Before HEALY, POPE and FEE, Circuit Judges.

PER CURIAM.

This suit was brought by appellant in the court below praying that a decision and order of the Alaska Industrial Accident Board be set aside. The appeal is from a judgment denying the relief sought.

Appellant complained that he suffered a back injury in September of 1951 when he, together with another employee, lifted a spruce screed and moved it about ten feet. No stumble or slip or other untoward incident was asserted. The Board found that claimant had suffered no injury arising out of and in the course of his employment, and it denied relief. On review the trial court remanded the cause to the Board for further findings. The Board then found that two years prior to the incident in question the claimant had suffered a back injury when carrying a 16-foot tank stave, at which time a puff of wind knocked the stave off, jerking claimant's back. It further found that in March of 1953 (a year and a half subsequent to the incident in litigation) the claimant's back was operated on at a Veterans' Hospital, and that a final diagnosis of his condition at that time failed to reveal a condition attribu-

table to any injury to the disc or bony structure, but indicated a congenital instability of the lower spine. After recital of these facts the Board reaffirmed its former finding that claimant suffered no accidental injury arising out of and in the course of his employment with appellee Carson Construction Co. It concluded further that the subsequent operation and the spinal instability diagnosed were not attributable to the occurrence here relied upon. On the basis of these findings the court below upheld the Board's decision.

The Board's findings have support in the record. The applicable Alaska Statute, Section 43-3-22 A.C.L.A.1949, provides in part that "An award by the full Board shall be conclusive and binding as to all questions of fact".

Accordingly the judgment of the trial court is affirmed.